## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

RILEY HAMMON,

    Plaintiff,

v.                                                                          Cv. No. 23-467 GJF/JHR

FARMERS INSURANCE COMPANY
OF ARIZONA,

    Defendant.

## MEMORANDUM OPINION AND
## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Farmers Insurance Company of Arizona's Motion to Dismiss. ECF 2. The Motion is fully briefed. ECFs 2, 14, 16. For the reasons explained below, the Court **GRANTS** the Motion and dismisses Plaintiff's Complaint [ECF 1-1] without prejudice and with leave to amend.

## I.   BACKGROUND

Plaintiff Riley Hammon is suing Defendant for "Bad Faith," "Unfair Insurance Claim Practices," and "Unfair Trade Practices" under New Mexico Law. ECF 1-1. Putting aside legal conclusions, the Court discerns from Plaintiff's Complaint the following well-pleaded factual allegations in support of her claims:

Plaintiff had an un-and-underinsured motorist policy issued by Defendant. ECF 1-1 ¶¶ 1-2. During the policy period, Plaintiff was in an accident with an underinsured motorist. The underinsured motorist was at fault but did not have the policy limits or personal funds to pay all of Plaintiff's damages. *Id*. ¶¶ 7-8. As it happens, Defendant insured both Plaintiff and the

underinsured motorist. *Id.* ¶ 9.[1] Plaintiff sent a demand letter to Defendant, to which Defendant responded with a request to mediate. *Id.* ¶ 10. The Complaint's well-pleaded factual allegations essentially end there.

Plaintiff then filed suit in state court alleging three claims for relief. ECF 1-1.[2] The first two claims invoke New Mexico's Unfair Insurance Practices Act and assert that Defendant either knowingly or consistently failed to promptly process claims, effectuate prompt and fair settlements, or reasonably resolve claims. ECF 1-1 ¶¶ 14-23. The third claim, this one under New Mexico's Unfair Trade Practices Act, asserts that Defendant engaged in deceptive or unfair trade practices. *Id.* ¶¶ 24-30. Defendant removed the case to federal court on diversity grounds. ECF 1. Defendant now moves to dismiss the Complaint in its entirety, arguing the Complaint fails to allege sufficient factual allegations to support a claim for relief. ECF 2.

## II.   APPLICABLE LAW

### A.   Rule 12(b)(6) Standard of Review

A Rule 12(b)(6) motion prompts a court to "assess[ ] whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). To survive Rule 12(b)(6) review, "a complaint must

---

[1] The Complaint alleges that the insurer of the underinsured motorist and the Plaintiff had different names and Defendant has submitted exhibits showing two different named companies wrote the policies for Plaintiff and the underinsured motorist. *Compare id.* ¶ 2 *with* ¶ 6 (stating two different names of the insurance companies); ECF 2-1, 2-2. Nonetheless, construing Plaintiff's allegations in the light most favorable to her, the Court will assume these different names are for the same company or, alternatively, that the companies were affiliated and sharing information pertinent to the case to put Defendant on notice of the claims against the underinsured motorist, making the allegation in ¶ 9 still accurate. Because the Court is granting the motion while accepting ¶ 9 as true, it does not reach the issue of whether it can rely on Defendant's exhibits at this stage of the proceedings and has not considered this evidence for the purpose of deciding this motion.

[2] The Court notes a discrepancy between the caption and the body of Plaintiff's Complaint. The caption alerts the reader that the Complaint is bringing four causes of action, the first of which is for breach of contract. ECF 1-1 at 1. Yet that claim is nowhere found in the body of the Complaint. The Court doesn't know whether Plaintiff meant to allege such a claim but forgot or whether the caption inadvertently included reference to a claim that Plaintiff intentionally omitted. Plaintiff should clear up this confusion in her Amended Complaint.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Plausibility requires not necessarily "*detailed* factual allegations," but allegations beyond "labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 545 (emphasis added) (internal citations and quotations omitted); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (Courts "are not bound to accept as true a legal conclusion couched as a factual allegation.").  Facial plausibility requires factual allegations that support a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (requiring more than facts "merely consistent with a defendant's liability") (internal quotations omitted). These factual allegations must come from the complaint. *Smallen v. W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020).

The plausibility distinction matters because *only* "well-pleaded" allegations can be presumed true. *Iqbal*, 556 U.S. at 679. Well-pleaded allegations do not include labels, conclusions, or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and quotations omitted). Nor do they encompass a "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Rule 12(b)(6) analysis proceeds in two steps. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). First, the court categorizes the individual allegations as either factual and entitled to a presumption of truth, or merely legal conclusions that are not presumed true and may be ignored. *Id*. at 679. Second, the court determines whether the factual allegations plausibly state a claim for relief. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Courts should be hesitant to dismiss a claim with prejudice and should instead err on the side of allowing a plaintiff to amend. *Seale v. Peacock*, 32 F.4th 1011, 1029 (10th Cir. 2022). But a court should dismiss a claim with prejudice when it finds that it would be futile to allow the plaintiff to amend that claim. *Id.* at 1027.

"[T]he *Erie* doctrine instructs that federal courts must apply state substantive law and federal procedural law" in diversity cases. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162–63 (10th Cir. 2017); *see also Gasperini v. Ctr. for Humanities, Inc*., 518 U.S. 415, 427 (1996). Rule 12(b)(6) is a Federal Rule of Civil Procedure that is valid under the Constitution and the Rules Enabling Act and thus applies in a diversity case. *See Hanna v. Plumer*, 380 U.S. 460, 474 (1965) (holding Federal Rules of Civil Procedure that are valid under the Rules Enabling Act and the Constitution apply in diversity cases).

## III.  PARTIES' PRIMARY ARGUMENTS

Defendant argues that Plaintiff's allegations do not allege a plausible claim for relief. Defendant emphasizes that Plaintiff has failed to allege *facts* supporting any of the bare legal conclusions in Plaintiff's claims for relief. ECF 2 at 7-9. Specifically, Plaintiff fails to allege *facts* demonstrating that her UIM claim was denied for frivolous reasons or that Defendant made a misleading representation as required to state a claim under New Mexico's Unfair Insurance Practices Act or Unfair Trade Practices Act. *Id*. Noting the discrepancy between the caption and the body of the Complaint, supra n.2, Defendant also contends that Plaintiff's factual allegations do not support claims either for breach of contract or breach of the covenant of good faith and fair dealing. *Id.* at 7-13. Defendant essentially asks this Court to dismiss all extra-contractual claims with prejudice with the implication that granting leave to amend would be futile. *Id.* at 14.

In response, Plaintiff does not address Defendant's arguments regarding the substantive

elements of any alleged or unalleged but related claim for relief. ECF 14 (failing to address or provide any legal citation related to the substantive elements of any alleged or unalleged but related claim for relief). Instead, Plaintiff insists that her Complaint is sufficient under *New Mexico* Rules of Civil Procedure because she alleged that Defendant breached a legal duty that caused Plaintiff's injury. ECF 14 at 2-5 (citing New Mexico Rules of Civil Procedure and New Mexico cases interpreting New Mexico Rules of Civil Procedure). Specifically, Plaintiff argues Defendant had the requisite information to know that the underinsured motorist did not have enough policy limits or personal funds to pay Plaintiff's damages and thus Defendant had a duty to cover Plaintiff's additional losses. *Id* at 3-4.

## IV.  ANALYSIS

To begin, the Court recognizes that Plaintiff drafted her Complaint to comply with the pleading rules of the court in which she filed it. But when Defendant removed the case to this Court, the pleading rules changed. The Court is somewhat surprised that, given that the case has been pending in federal court for months, Plaintiff did not preemptively seek permission to amend her Complaint to comply with the higher standard of pleading that federal courts require. Perhaps had Plaintiff done so, this round of motion practice might have been unnecessary.

### A.  Federal Rule of Civil Procedure 12(b)(6) applies in diversity cases.

Plaintiff argues that her Complaint states a claim under New Mexico procedural law because she has alleged the four basic elements of negligence. ECF 14 at 5. Defendant responds that federal courts apply Federal Rules of Civil Procedure in federal diversity cases. ECF 16 at 1.

The Court agrees with Defendant. "[T]he *Erie* doctrine instructs that federal courts must apply state substantive law and federal procedural law" in diversity cases. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162–63 (10th Cir. 2017); *see also Gasperini v. Ctr.*

*for Humanities, Inc.*, 518 U.S. 415, 427 (1996). A Federal Rule of Civil Procedure that is valid under the Constitution and the Rules Enabling Act applies in a diversity case. *Hanna v. Plumer*, 380 U.S. 460, 474 (1965). As a result, the Court will look to Rule 12(b)(6) and case law interpreting it, as laid out in the procedural standard above, to determine the sufficiency of Plaintiff's Complaint.

Under Rule 12(b)(6), Plaintiff must assert well-pleaded factual allegations that allow the Court to draw a plausible inference of liability for the misconduct alleged. Plaintiff has brought three claims for relief, two of which are under the same provision of the New Mexico Unfair Insurance Practices Act, and the third of which is under New Mexico's Unfair Trade Practices Act. ECF 1-1 ¶¶ 14-30. The Court will analyze Plaintiff's well-pleaded factual allegations to determine if they create a plausible inference of liability for any of her three claims.

### B. Plaintiff has failed to adequately plead a claim under the New Mexico Unfair Insurance Practices Act.

Plaintiff brings her first and second claims under New Mexico's Unfair Insurance Practices Act. ECF ¶¶ 17, 20 (citing to NMSA § 59A-16-20). The relevant sections of that statute are as follows:

> Any and all of the following practices with respect to claims, by an insurer or other person, *knowingly committed or performed with such frequency as to indicate a general business practice*, are defined as unfair and deceptive practices and are prohibited:
> . . .
> C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;
> . . .
> E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;
> . . .
> G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered[.]

NMSA § 59A-16-20 (emphasis added); *see also* ECF 1-1 ¶ 18 (citing NMSA § 59A-16-20 (C, E, G).

Plaintiff's Complaint fails to make factual allegations that make it plausible that Defendant knowingly violated the statute or had "a general business practice" of doing so because the Complaint addresses the elements of this claim only in a bare legal conclusion. ECF 1-1 ¶ 21 (stating "Farmers knowingly engaged in acts with such a frequency as to indicate a general business practice" of failing to effectuate prompt payment of claims). The only *factual* allegation that Plaintiff offers to support this conclusion is that Defendant responded to Plaintiff's demand letter with a request to mediate. ECF 1-1 ¶ 10. That allegation by itself does not make out a plausible claim under the New Mexico Unfair Insurance Practices Act because it fails to show any of the following elements of the claim: Defendant knowingly violated the statute, had a business practice, failed to effectuate the prompt fair settlement of the claim, offered substantially less than the insured ultimately recovered to compel the insured to initiate litigation, or did not have policies in place to promptly process claims.

Additionally, Defendant has a right to engage in productive mediation discussions to promptly settle claims. *See Brooks v. State Farm Ins. Co.*, 2007-NMCA-033 ¶ 20 (finding insurer did not breach contract "[a]s long as negotiations . . . were ongoing."). Furthermore, Plaintiff did not even argue in her briefing why the *facts* she alleged support a claim under the Unfair Insurance Practices Act. *See* ECF 14. For all of these reasons, the Court will dismiss without prejudice Plaintiff's first two claims, brought under the New Mexico Unfair Insurance Practices Act.

### C. Plaintiff has failed to adequately plead a claim under the New Mexico Unfair Trade Practices Act.

Plaintiff brings her third claim under the New Mexico Unfair Trade Practices Act. ECF 1-1 (citing NMSA § 57-12-2). That statute defines an "unfair or deceptive trade practice" as "a false

or misleading oral or written statement, visual description or other representation of any kind knowingly made . . . that may, tends to or does deceive or mislead any person." N.M. Stat. Ann. § 57-12-2; s*ee also AG N.M., FCS, ACA v. Borges (In re Borges)*, 485 B.R. 743, 2012 Bankr. LEXIS 5980 (D.N.M. 2012), *aff'd*, 510 B.R. 306, 2014 Bankr. LEXIS 1468 (B.A.P. 10th Cir. 2014) (debtor's claim against lender under the Unfair Practices Act failed because debtor did not carry her burden to show that the lender made any false or misleading oral or written statement).

The Complaint has failed to plead any *facts* plausibly demonstrating that Defendant made any false or misleading representation. The only statement that Plaintiff alleges Defendant made was responding to her settlement demand with a request to mediate. Plaintiff has alleged no facts plausibly demonstrating this statement was false or misleading. Additionally, Plaintiff has not argued in her briefing that Defendant made any statements that were false or misleading. *See* ECF 14. Therefore, Plaintiff's Unfair Trade Practices Claim is dismissed without prejudice.

## V.   CONCLUSION

For these reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Court does so without prejudice because the Court does not yet know whether Plaintiff—consistent with Federal Rule of Civil Procedure 11(b)—can allege *facts* sufficiently supporting the elements of her claims. In the event Plaintiff can cure the pleading infirmities identified herein, she may file an Amended Complaint not later than thirty (30) days from the entry of this Order. If no such Amended Complaint is timely filed, the Court will dismiss this action.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*